**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BARBARA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-2060 |
| MICROSOFT CORP., | ) | (RWR)(AK) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara Campbell sued defendant Microsoft Corporation for employment discrimination based upon plaintiff's sexual orientation in violation of the District of Columbia Human Rights Act. After Magistrate Judge Alan Kay denied the plaintiff's motion to compel and awarded costs to the defendant, plaintiff filed a motion for reconsideration or, in the alternative, an objection under Federal Rule of Civil Procedure 72 seeking review of the magistrate judge's ruling. In its opposition, the defendant requests that the additional costs of opposing this motion be awarded. Because the magistrate judge's decision is not clearly erroneous or contrary to law, plaintiff's motion will be denied. Because additional costs are not warranted, defendant's request will be denied.

## BACKGROUND

During discovery, plaintiff submitted to the defendant two sets of interrogatories and requests for documents. Approximately one month later, defendant submitted objections to all those interrogatories and document requests, indicating that those requests exceeded the number the court set.  On the same day, plaintiff's counsel sent defendant a heated, two-paragraph e-mail accusing the defendant of discovery abuses, and stating in capital letters, "I CAN NOT BEGIN TO EXPRESS MY DISTASTE FOR SUCH TACTICS."  (Pl.'s Mot. to Compel Disc. Resps. and for Costs ("Pl.'s Mot. to Compel"), Ex. E.)  The next day, defendant responded to plaintiff's e-mail in a three-page letter, explaining the factual and legal basis for defendant's position, and making overtures to confer about several ways to resolve the dispute.  (See Def.'s Opp'n to Pl.'s Mot. to Compel Disc. Resps. and for Costs ("Def.'s Opp'n"), Ex. C.)  Plaintiff then revised some interrogatories and withdrew others, and defendant subsequently served its objections and answers to all the interrogatories and document requests that remained.  (Id., Ex. E & F.)

After this exchange, the plaintiff moved under Federal Rule of Civil Procedure 37 to compel discovery responses and for costs.  This motion was signed not by plaintiff's counsel of

- 3 -

record, however, but by Gregory M. Wade, plaintiff's counsel's partner.  Defendant responded to the plaintiff in a nine-page letter, further clarifying its objections and attempting to resolve the dispute without the involvement of the court. Defendant also noted that although Wade certified that he tried in good faith to secure disclosure without court action, Wade in fact never spoke with defendant's counsel about the dispute or about any other matter.  (Def.'s Opp'n, Ex. A.)  Plaintiff's one-page response wholly ignored the defendant's repeated requests in its letter to confer about these discovery disputes.  (See id., Ex. B.)  Magistrate Judge Kay denied the plaintiff's motion to compel, finding that plaintiff had failed adequately to confer with defendant in a good faith effort to resolve the dispute before filing the Rule 37 motion, and awarding costs to the defendant to be paid by plaintiff's counsel personally. Plaintiff now seeks review and reversal of Magistrate Judge Kay's order under Rule 72(a) and Local Civil Rule 72.2(c).

## DISCUSSION

"A party may invoke Federal Rule 72(a) and Local Rule 72.2 to seek reconsideration of a magistrate judge's determination in a discovery dispute" in the district court.  Neuder v. Battelle Pac. Nw. Nat'l Lab., 194 F.R.D. 289, 292 (D.D.C. 2000).  When a nondispositive matter is reviewed by the district court, the

- 4 -

"magistrate judge's decision is entitled to great deference." Neuder, 194 F.R.D. at 292. The district court supervising the magistrate "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). See also LCvR 72.2(c) ("[A] judge may modify or set aside any portion of a magistrate judge's order under this rule found to be clearly erroneous or contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); see also Ho v. United States, 374 F. Supp. 2d 82, 83 (D.D.C. 2005).

"Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted). See, e.g., Neuder, 194 F.R.D. at 292; Federal Savings & Loan Ins. Corp. v. Commonwealth Land Title Ins., 130 F.R.D. 507, 508 (D.D.C. 1990).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948); <u>see also</u> <u>Virtual Def. & Dev. Int'l, Inc. v. Republic of Moldova</u>, 133 F. Supp. 2d 9, 20 (D.D.C. 2001) (citing <u>Gypsum</u> when reviewing a magistrate judge's discovery order); <u>Neuder</u>, 194 F.R.D. at 292 (citing <u>Gypsum</u> when reviewing a magistrate judge's discovery order); <u>Federal Savings & Loan Ins. Corp.</u>, 130 F.R.D. at 508-09 (citing <u>Gypsum</u> when reviewing a magistrate's nondispositive order).

I.  MAGISTRATE JUDGE KAY'S ORDER

   A.  <u>Good faith requirement of Rule 37</u>

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."  Fed. R. Civ. P. 37(a)(2)(A). The term "good faith" is not defined in Rule 37, but generally encompasses "honesty in belief or purpose, faithfulness to one's duty or obligation . . . or absence of intent to defraud or to seek unconscionable advantage."  Black's Law Dictionary 713 (8th ed. 2004); <u>see also</u> <u>Shuffle Master, Inc. v. Progressive Games, Inc.</u>, 170 F.R.D. 166, 171 (D. Nev. 1996) (citing Black's Law Dictionary for guidance on the Rule 37 "good faith" requirement).

A comparison of the parties' conduct before and after plaintiff moved to compel supports the magistrate judge's

- 6 -

conclusion that plaintiff did not behave in a spirit of cooperation in seeking a resolution before involving the court. Plaintiff's curt e-mail did not exude cooperativeness.  By contrast, defendant's three-page response not only explained its position but also offered to discuss a solution to the dispute. At minimum, the defendant's action demonstrated its amenability to resolutions not involving the court; more charitably, it produced some progress in the discovery exchange.  Defendant's response to plaintiff's revised discovery requests was met not with plaintiff's effort to confer, but rather with a premature motion to compel hastily filed containing misrepresentations. Plaintiff's certification that Wade conferred in good faith was wrong.[1]  Furthermore, although the plaintiff argued that the defendant had not specified precise objections to plaintiff's interrogatories (see Pl.'s Mot. to Compel at 2), defendant's Objections and Revised Responses to Plaintiff's First Set of Interrogatories did provide an answer or objection to each interrogatory and production request.  The defendant contacted plaintiff in a letter even after plaintiff filed her motion to

---

[1]  It also violated Federal Rule of Civil Procedure 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name.") since it was not signed by a counsel of record in this case.

Case 1:04-cv-02060-RWR   Document 48   Filed 02/24/06   Page 7 of 10

- 7 -

compel, again attempting to confer with the plaintiff and resolve their discovery disputes without further court involvement.  (See Def.'s Opp'n, Ex. A.)

The plaintiff also claimed that her motion to compel should be granted because the defendant failed to sign its answers and objections - - a claim shown to be false by the record - - and because the defendant has more resources and a bigger office. Magistrate Judge Kay concluded that "[p]laintiff's assertions are at best frivolous and at wors[t] unfounded or totally irrelevant [and that] [p]laintiff's actions fall short of the basic good faith requirement of Rule 37."  (Mem. Order of Aug. 2, 2005 at 6.)  Magistrate Judge Kay's determination that the plaintiff had violated Federal Rule 37(a)(2)(A)'s requirement to confer in good faith is not clearly erroneous.

    B.    <u>Awarding costs under Rule 37</u>

Rule 37(a)(4)(B) states that when a motion to compel is denied, the moving party or the moving party's attorney shall pay the defending party's reasonable expenses incurred in opposing the motion unless the failed motion was substantially justified or other circumstances make an award unjust.  A party is substantially justified if "reasonable people could differ" as to the appropriateness of the motion.  <u>Alexander v. FBI</u>, 186 F.R.D. 144, 147 (D.D.C. 1997).

- 8 -

Magistrate Judge Kay decided that reasonable people could not disagree that plaintiff's motion to compel was inappropriate. Plaintiff's counsel failed to state in detail the deficiencies in defendant's discovery responses and instead relied on general conclusory statements. (See Pl.'s Mot. to Compel at 1-10; Def.'s Opp'n at 6-17.) Plaintiff's counsel failed to attempt to resolve the dispute with defendant's counsel before filing the motion to compel. (See Def.'s Opp'n at 2.) Plaintiff's motion to compel contained no supporting authority and, as is noted above, plaintiff's counsel of record had not signed the Rule 37 certification. (Pl.'s Mot. to Compel at 16.) Finally, the record supports Magistrate Judge Kay's conclusion that "when Plaintiff did communicate with Defendant, it was acrimonious and not in a spirit of cooperation, while Defendant actively and courteously sought to resolve the dispute prior to and after Plaintiff filed her motion." (Mem. Order at 7.) Because Magistrate Judge Kay's order denying plaintiff's Motion to Compel and awarding defendant's costs is not "clearly erroneous or contrary to law," see Neuder, 194 F.R.D. at 292 (citations omitted), plaintiff's motion will be denied.

II. DEFENDANT'S REQUEST FOR COSTS

The defendant also requests an award of costs to oppose the plaintiff's Rule 72 motion. Unlike Rule 37, neither Rule 72(a)

- 9 -

nor Local Civil Rule 72.2(c) explicitly provides for an award of attorneys' fees to a party.  Through its inherent powers, however, "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (internal citations omitted); see also Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991).  This inherent power "must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.  While a district court has some discretion to award costs, that discretion should be exercised only when a party's inappropriate conduct meets the high threshold of bad faith.  See id. at 44-45 ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.").  In the pending motion, however, only the plaintiff's actions in filing her Rule 72 motion may be considered when deciding whether to award defendant costs.  The defendant has offered no evidence that the plaintiff objected to the magistrate judge's order in "bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska, 421 U.S. at 258-59.  Plaintiff's actions at this stage do not warrant awarding the defendant its costs in opposing the plaintiff's latest motion, particularly in light of Magistrate Judge Kay's award of costs to defendant for its opposition to the plaintiff's

motion to compel.  Therefore, the defendant's request for its costs in opposing plaintiff's motion for reconsideration will be denied.

## CONCLUSION AND ORDER

The plaintiff has failed to show that Magistrate Judge Kay's order denying plaintiff's motion to compel was clearly erroneous. Plaintiff's objection to the order, however, does not warrant awarding defendant additional costs.  Accordingly, it is hereby

ORDERED that plaintiff's Motion [29] for Reconsideration or in the Alternative Rule 72 Objections be, and hereby is, DENIED. It is further

ORDERED that defendant's request [33] for its costs in opposing plaintiff's Rule 72 motion be, and hereby is, DENIED.

SIGNED this 24th day of February, 2006.

                                    /s/
                              RICHARD W. ROBERTS
                              United States District Judge